FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 14 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

TRACY FOWLER,

            Plaintiff,

- against -

    4 - 0 8 - C V 0 0 0 2 0 6 JLH

HELENA NATIONAL BANK and
TRANSUNION, LLC,

            Defendant.

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Jones_

The plaintiff TRACY FOWLER, (hereafter the "plaintiff," "debtor" or "Mrs. FOWLER") by her attorneys Joel G. Hargis, Crawley & DeLoache, PLLC, and David Szwak, Brodenheimer, Jones & Szwak, as and for her Complaint against the defendants TRANS UNION, LLC, (hereafter "TRANSUNION") and HELENA NATIONAL BANK (hereafter "HNB" or "Creditor") alleges as follows, upon information and belief:

PRELIMINARY STATEMENT

1.    This is an action for actual, statutory and punitive damages, and statutory attorney's fees, for violations of 15 USC § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA"). In addition, the plaintiff seeks actual and punitive damages on his common law pendant state claim for defamation.

2.    TRANSUNION violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports concerning the plaintiff. TRANSUNION also violated the FCRA by repeatedly issuing credit reports to various third-parties, pertaining to the plaintiff, that contained inaccurate information regarding a debt the plaintiff formerly had with HNB, despite having received actual notice that such entries and information were not accurate.

3. TRANSUNION violated their obligations under the FCRA to properly investigate the disputed item in the plaintiff's credit file maintained by them.

4. TRANSUNION defamed the plaintiff by repeatedly publishing to various third-parties information purportedly about her which was false and caused her to suffer injury.

5. TRANSUNION provided the plaintiff's credit report, containing numerous errors, inaccuracies and fraudulent information, to various third parties who used such reports to make creditworthiness determinations about her. As a result of such inaccurate reporting about the plaintiff, she was repeatedly denied credit and her credit score was adversely affected.

6. TRANSUNION willfully violated various provisions of the FCRA and the plaintiff is entitled to an award of punitive damages pursuant to the FCRA for these willful violations.

7. TRANSUNION willfully and maliciously defamed the plaintiff by repeatedly reporting information about her to various third parties which they knew, or reasonably should have known, was false. As a result of such actions and conduct the plaintiff suffered damage and is entitled to an award of actual and punitive damages.

8. HNB violated the FCRA by failing to comply with its statutory obligation to conduct a proper investigation of the plaintiff's dispute she had filed with TRANSUNION. The dispute claimed that the derogatory information HNB was reporting about the prior installment account the plaintiff had with HNB was not accurate. HNB failed to review all relevant information purportedly provided to them by such credit reporting agency defendants, and it failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff from the files maintained by them.

9. As a result of such conduct and omissions, the plaintiff has suffered damage and is entitled to recover pursuant to the FCRA.

10. In addition, HNB's conduct was willful and, as a result, the plaintiff is entitled to an award of punitive damages against HNB pursuant to the FCRA.

11. The plaintiff further alleges that as a direct and proximate result of the defendants' actions, conduct and omissions he suffered actual damage including, but not limited, denials of credit, damage to his reputation - including but not limited to jeopardizing the plaintiff's employment with Farm Bureau Insurance - emotional distress, annoyance, aggravation, frustration, and legal fees to secure the defendants' compliance with the FCRA.

## JURISDICTION

12. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681 (p).

13. This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

14. The Plaintiff is a natural person and resident of the State of Arkansas. She is a "consumer" as defined by 15 U.S.C. §1681 a(c).

15. Upon information and belief, TRANSUNION, LLC ("TRANSUNION") is a corporation authorized to do business in the State of Arkansas.

16. Upon information and belief, TRANSUNION is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f).

17. Upon information and belief, TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18. Upon information and belief, TRANSUNION is a consumer reporting agency that regularly engages in the practice of assembling or evaluating and maintaining, for the

purpose of furnishing consumer credit reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, public record information and credit account information from persons who furnish that information regularly and in the ordinary course of business.

19. Upon information and belief, TRANSUNION disburses such consumer reports to third parties under contract for monetary compensation.

20. Upon information and belief, HNB is a banking institution transacting business as a credit lender with a principal place of business located at 302 Cherry Street, Helena West Helena, Arkansas 72342.

21. Upon information and belief, HNB is a furnisher of information to TRANSUNION.

## FACTUAL BACKGROUND

22. Debtor filed a joint petition with her husband in bankruptcy under Chapter 7 of the U.S. Bankruptcy Code on September 03, 2002, and said case was assigned to Judge James G. Mixon.

23. HSB received actual notice of the commencement of the Debtor's Chapter 7 case by virtue of service of the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines served on Creditor.

24. Debtor received a discharge on December 16, 2002 and the case was closed.

25. HNB received actual notice of the Debtor's discharge by virtue of service of the Discharge Order.

26. At no time during the pendency of the Chapter 7 case did Debtor enter into a reaffirmation agreement with Creditor.

27.     At various times subsequent to the Plaintiff's discharge from Chapter 7 but prior to the commencement of this present case, Plaintiff contacted HNB seeking an updating of HNB's tradeline on the TRANSUNION credit report to show that this debt was no longer owed and was discharged in bankruptcy.

28.     In response to Plaintiffs requests for an updating of her credit report, HNB refused to comply with the requirements of the FCRA and, in fact, instructed Plaintiff that there was "nothing she could do about it."

29.     In or about April of 2007, Plaintiff and her husband contacted Wholesale Homes of Searcy (hereinafter referred to as "Wholesale") in Searcy, Arkansas, in an attempt to purchase and finance a mobile home.

30.     Upon reviewing Plaintiff's TRANSUNION report, the agent for Wholesale advised the Plaintiff and her husband that they would be denied financing without a statement from HNB explaining its tradeline.

31.     Plaintiff requested that HNB remit a statement to Wholesale's agent advising that the debt was not still due and owing and that it had, in fact, been discharged in bankruptcy. Leon J. Rinke, Vice President of HNB, prepared and faxed a statement that admitted the incorrect debt information contained on Plaintiff's credit report, acknowledged the discharge order and receipt of the same, listed a current balance owed, and stated that HNB would not change its information on the credit report.

32.     The agent for Wholesale advised Plaintiff and her husband that HNB's statement would result in a denial of financing from their Wholesale's lender.

33.     HNB has taken affirmative steps to continue to list the Plaintiff's debt as still due and owing and "120 days past due" post discharge in violation of the FCRA.

34. Additionally, Plaintiff has sought financing from other lending institutions and has been denied based on the information contained on her TRANSUNION credit report.

35. Debtor on April 16, 2007, in an effort to ensure that her credit reports were properly updated after her discharge in bankruptcy, requested of TRANSUNION, Equifax and Experian that they reinvestigate all tradelines of all creditors listed on her bankruptcy proceeding, including the tradeline of Creditor. Along with her dispute, Debtor attached a copy of her schedule F, which listed HNB as an unsecured creditor, and her Order Discharging Debtor(s).

36. On or about May 30, 2007, Debtor received a copy of her credit report from TRANSUNION. Said report reflects the fact that Creditor continues to report a debt owed to them on the Plaintiff's public credit files as "Helena National Bank". This report states that the discharged debt to Creditor has a current recent balance of $521.00 as of April 2007; and that the debt was originated in November 2001. The debt is described as an Installment Account bearing a partial account number 75292000000000010. The report further indicates a status of "120 DAYS PAST DUE."

37. On or about May 30, 2007, TRANSUNION issued and produced the Plaintiff's consumer report which contained the inaccurate information.

38. The Plaintiff disputed these inaccuracies to TRANSUNION. They had actual knowledge of same.

39. Upon information and belief, Plaintiff alleges that sometime after April 19, 2007, TRANSUNION forwarded Plaintiff's disputes to HNB. Upon information and belief, HNB was provided notice of Plaintiff's disputes and despite this notice, it failed and refused to investigate and correct its inaccurate reporting.

40. In the alternative to the allegation that TRANSUNION failed to contact HNB, it is alleged that TRANSUNION did forward some notice of the dispute to HNB and HNB failed to reasonably or lawfully investigate Plaintiff's disputes or to accurately report the results of such "investigations."

41. Defendants had actual knowledge of this inaccuracy and deliberately chose to ignore and permit same.

42. After April 19, 2007, TRANSUNION prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory account of HNB.

43. Upon the Plaintiff's requests for verification and correction, and in accordance with its standard procedures, TRANSUNION did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the HNB representation.

## FIRST CLAIM FOR RELIEF AGAINST TRANSUNION

44. Plaintiff realleges and incorporates the preceding paragraphs herein as if fully set out herein.

45. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

46. As a result of the conduct, actions and inactions of the Defendant the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

47. Defendant's conduct, actions and inactions were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15

U.S.C. §1681n. In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANSUNION

49. Plaintiff realleges and incorporates the preceding paragraphs herein as if fully set out herein.

50. Defendant violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

51. As a result of the conduct, actions and inactions of the Defendant the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

52. The Defendant's conduct, actions and inactions were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## THIRD CLAIM FOR RELIEF AGAINST TRANSUNION

54. Plaintiff realleges and incorporates the preceding paragraphs herein as if fully set out herein.

55. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

56. As a result of the conduct, actions and inactions of the Defendant the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

57. Defendant's conduct, actions and inactions were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

FIRST CLAIM FOR RELIEF AGAINST HELENA NATIONAL BANK

59. Plaintiff realleges and incorporates the preceding paragraphs herein as if fully set out herein.

60. The debt incurred by Plaintiff and owed to HNB was discharged in her Chapter 7 bankruptcy proceeding.

61. The Official Staff Commentary to § 607 of the Fair Credit Reporting Act provides that "[A] consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

62. HNB, as a furnisher of information to TRANSUNION, is bound by the terms of the FCRA.

63. HNB had actual knowledge of the discharge of the debt by Plaintiff in his Chapter 7 bankruptcy proceeding.

64. HNB was required to include in its reporting of the debt to TRANSUNION that zero balance was due and that the obligation previously owed by Plaintiff to HNB was discharged in bankruptcy.

65. HNB did not include in its reporting of the debt to TRANSUNION that zero balance was due and that the obligation previously owed by Plaintiff to HNB was discharged in bankruptcy.

66. In fact, HNB has continually and periodically updated its tradeline with TRANSUNION to include a balance owed and that the Plaintiff's account is past due.

67. HNB violated the Fair Credit Reporting Act, 15 U.S.C. §1681 s-2(b) by publishing the HNB representations within Plaintiff's credit file with TRANSUNION without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the HNB representations; by failing to review all relevant information regarding same, and by failing to correctly report results of an accurate investigation to each other credit reporting agencies.

68. As a result of this conduct, actions and inactions of HNB the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

69. HNB's conduct, actions and inactions were willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, HNB was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

70.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from HNB in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

SECOND CLAIM FOR RELIEF AGAINST HELENA NATIONAL BANK

71.     Plaintiff realleges and incorporates the preceding paragraphs herein as if fully set out herein.

72.     HNB has continually reported the Plaintiff's discharged debt on the Plaintiff's TRANSUNION credit report as a due and owing debt that is past due 120 days. Such act itself is a publication of false information to a third party with the willful intent to injure the Plaintiff.

73.     HNB is aware that such information will be transmitted to additional entities who inquire into the Plaintiff's credit worthiness by pulling and reviewing her credit report. Each inquiry into Plaintiff's TRANSUNION credit report constitutes an additional publication of false information to a third party.

74.     HNB's transmittal of the false information in a statement to Wholesale as discussed in paragraph 32 above, constitutes publication of false information and is further evidence of HNB's willful intent to injure the Plaintiff and her reputation.

75.     Pursuant to 15 U.S.C. § 1681h(e) and state law, the Plaintiff is entitled to recover from HNB actual, compensatory, and punitive damages.

**WHEREFORE,** Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for her attorneys fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

_____
Joel G. Hargis, esq. (Bar # 2004-007)
Crawley & DeLoache of Central Arkansas, PLLC
Attorney for the Plaintiff
P.O. Box 8546
Hot Springs Village, AR 71910-8546
PH: (501) 915-8336
FX: (501) 915-0410
joel@crawleydeloache.com